UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

REDO LAMONT ROLLING,

        Plaintiff,

v.

CHRISTOPHER WREN,

        Defendant.
_____/

Case No. 1:24-cv-651

Honorable Paul L. Maloney

## OPINION

This is a civil action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. (ECF No. 2.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it duplicates an action he previously filed in this Court that was still pending when he filed the present action.

## Discussion

Plaintiff is presently incarcerated with the Federal Bureau of Prisons (BOP) at Federal Medical Center Butner,[1] where he is being treated for cancer. He is suing Christopher Wren,

---

[1] On August 25, 2022, following a jury trial in this Court, Petitioner was convicted of three counts of aiding and abetting bank robbery and one count of aiding and abetting an attempt to commit Hobbs Act robbery. *See* Jury Verdict, *United States v. Rolling*, No. 1:22-cr-34-2 (W.D. Mich.) (ECF No. 78). The jury found Petitioner not guilty of two counts of Hobbs Act robbery. *See id*. On January 5, 2023, the Court sentenced Petitioner to concurrent terms of 120 months'

County Administrator/FOIA Coordinator for the Newaygo County Office of Administration. Plaintiff asks the Court to compel Defendant Wren to provide Plaintiff a copy of Plaintiff's medical records and grievance papers from the Newaygo County Jail.

This is not Plaintiff's first request for that relief in this Court. In *Rolling v. Unknown Parties*, No. 1:24-cv-525 (W.D. Mich.), Plaintiff asked the Court to compel the production of his medical records and grievances from the Newaygo County Administration Office. Compl., *id.* (ECF No. 1, PageID.1). The Court dismissed the complaint.

Plaintiff filed this action on June 9, 2024,[2] three days before the Court dismissed the first action. After the Court dismissed Plaintiff's first action, Plaintiff appealed that dismissal to the Sixth Circuit Court of Appeals. That appeal remains pending. Rolling v. Unknown Part(y)(ies), No. 24-1594 (6th Cir.).

In the first suit, Plaintiff sought relief pursuant to 28 U.S.C. § 1361. That statute grants the federal district court original jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Court dismissed that action because Plaintiff had not identified any officer or employee of the United States or any agency thereof. Plaintiff did, however, attach to the complaint the FOIA Response forms that had been signed by Christopher Wren.

---

imprisonment for each conviction. *See* J., *id*. (ECF No. 116). The Sixth Circuit Court of Appeals recently affirmed Plaintiff's convictions and sentences. *United States v. Rolling*, No. 23-1045, 2024 WL 4512532 (6th Cir. Oct. 17, 2024).

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 9, 2024, and it was received by the Court on June 25, 2024. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

This time, Plaintiff does not rely on 28 U.S.C. § 1361; thus, he avoids the problem that the Newaygo Administration Office is not an agency of the United States and the problem that Christopher Wren is not any employee of an agency of the United States. By avoiding that problem, however, he has created another one. Plaintiff offers no basis for federal jurisdiction. Moreover, he filed this complaint while the other action was still pending in this Court and the other action remains pending in the Sixth Circuit Court of Appeals.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). As part of the court's inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted));

3

*Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from another filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g., Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

The claims raised in this case are factually identical to the claims Plaintiff raised in *Rolling v. Unknown Parties*, No. 1:24-cv-525 (W.D. Mich.). Plaintiff did not specifically name Defendant Wren in the first action; but he did name Defendant Wren's office and the documents attached to the complaint were signed by Defendant Wren. Considering that the factual allegations, the relief sought, and, effectively, the parties are the same in both actions, the Court concludes that the present complaint is duplicative of the complaint in *Rolling v. Unknown Parties*, No. 1:24-cv-525 (W.D. Mich.), which was pending when Plaintiff filed this complaint and remains pending in the Sixth Circuit Court of Appeals. Accordingly, pursuant to the Court's inherent power and the screening provisions of the PLRA, the Court will dismiss the present action as duplicative and frivolous.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice as duplicative and, therefore, frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   October 22, 2024                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge